UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-cv-60276-MARTINEZ/GOODMAN

POPLAR OAKS, INC.,

    Plaintiff,

v.

JOHN DOE, subscriber assigned IP address
66.229.122.44,

    Defendant.
_____/

## ORDER PERMITTING PLAINTIFF TO SERVE THIRD-PARTY SUBPOENA BEFORE RULE 26(f) CONFERENCE

This cause is before the Undersigned on Poplar Oaks, Inc.'s ("Plaintiff") Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 5], referred to the Undersigned by the Honorable Jose E. Martinez. [ECF No. 6]. For the following reasons, the motion is **GRANTED**.

On February 10, 2015, Plaintiff filed a Complaint against a yet-to-be-identified Defendant, who has been named John Doe. According to the Complaint, John Doe used peer-to-peer file sharing software to gain access to the BitTorrent file distribution network, to copy and distribute digital files that contain the motion picture, "A Certain Justice." Plaintiff alleges that it holds the copyright to these digital files, and that John Doe has infringed that copyright. [ECF No. 1].

1

Plaintiff further alleges that through its investigation, it has identified the Internet Protocol (IP) address assigned to the computer that John Doe used to access Plaintiff's copyrighted material. It has also determined that John Doe, at the time of his or her alleged infringing activity, received Internet services from Comcast Cable, his or her Internet Service Provider (ISP). [ECF No. 5].

In the current motion, Plaintiff states that the only way it can identify John Doe is to issue a subpoena under Federal Rule of Civil Procedure 45, to Comcast Cable, directing it to provide subscriber information about John Doe.

The Undersigned hereby enters the following **ORDERS**:

1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 5], is **GRANTED**.

2. The Undersigned finds that Plaintiff has established that good cause exists for it to serve a third-party subpoena on Comcast Cable, the ISP identified in the Complaint, because a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case. *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008); *Malibu Media, LLC v. John Doe*, No. 13-61022-CIV-DIMITROULEAS/SNOW, ECF No. 10 (S.D. Fla. May 14, 2013) (collecting cases).

3. Plaintiff may serve Comcast Cable with a Rule 45 subpoena directing it to provide Plaintiff with the true name, address, telephone number, and e-mail address of the person to whom Comcast Cable assigned the IP address identified in the Complaint. Plaintiff shall attach to any such subpoena a copy of the Complaint, including all exhibits, and this Order.

4. Upon receipt of Plaintiff's subpoena, Comcast Cable shall provide John Doe with a copy of the Complaint and this Order, and inform him or her or it that he or she or it may move to quash the subpoena, or otherwise contest having identifying information released to Plaintiff, within thirty (30) days of being served with the subpoena by Comcast Cable. If John Doe does not contest the subpoena, then at the conclusion of that period Comcast Cable will provide Plaintiff the information sought by the subpoena.

5. If John Doe does move to quash the subpoena or otherwise asks the Undersigned to order Comcast Cable to not release his or her identifying information to Plaintiff, then John Doe must notify Comcast Cable of this fact, so that Comcast Cable knows to not release John Doe's information to Plaintiff until the Undersigned rules on John Doe's motion.

6. Comcast Cable may qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons

3

    (A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

    (B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

If so, it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

Comcast Cable may do so by sending a copy of this Order to John Doe.

    7.    Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Comcast Cable for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

    **DONE AND ORDERED** in chambers, in Miami, Florida, on February, 18, 2015.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Jose E. Martinez
All counsel of record